Nathan D. Thomas (S.B.N. 234931)
Lewis M. Francis (S.B.N. 282720)
JONES WALDO HOLBROOK & MCDONOUGH
170 South Main Street, Suite 1500
Salt Lake City, UT 84101
Telephone: (801) 521-3200
Facsimile: (801) 328-0537
nthomas@joneswaldo.com
lfrancis@joneswaldo.com

Timothy A. Horton (S.B.N. 205414)
THE LAW OFFICE OF TIMOTHY A. HORTON
600 W. Broadway, Suite 700
San Diego, CA 92021
Telephone: (619) 272-7017
Facsimile: (619) 374-1168
timhorton@timhortonlaw.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# IN AND FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APARNA VASHISHT-ROTA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>HOWELL MANAGEMENT SERVICES, LLC, a Utah limited liability company; CHRIS HOWELL, an individual; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. **'18CV2010 L    AGS**<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(a) (DIVERSITY)**<br><br>[Filed concurrently with Declaration of Christopher Howell in Support of Notice of Removal, Civil Cover Sheet, and Notice of Party with Financial Interest] |

NOTICE OF REMOVAL

# NOTICE OF REMOVAL

**TO THE CLERK OF COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, Defendants Howell Management Services, LLC ("HMS"), and Chris Howell ("Howell") (collectively, "Defendants") hereby remove this action from the Superior Court of the State of California, County of San Diego, Central Division, to the United States District Court for the Southern District of California and sets forth in support of its Notice of Removal of Action.

This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) on the grounds that complete diversity exists between all parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Plaintiff Aparna Vashisht-Rota ("Rota" or "Plaintiff") is a resident and presumptively a domiciliary and citizen of this state. Defendant Howell and HMS are citizens of Utah. In written pre-litigation correspondence, Plaintiff asserted a demand for damages that substantially exceed $75,000.

## BACKGROUND

On July 17, 2018, Plaintiff Aparna Vashisht-Rota ("Rota" or "Plaintiff") commenced in the Superior Court of the State of California in and for the County of San Diego, the action entitled *Vashisht-Rota. v. Howell Management Services, LLC, et al.*, Case No. 37-2018-00035492-CU-OE-CTL. True and correct copies of the Complaint (the "Complaint") and summons in that action are attached hereto as **Exhibits 1 and 2**. As stated on the summons, Plaintiff served both Defendants on July 30, 2018.

## GROUNDS FOR REMOVAL

This is a civil action over which the Court has original jurisdiction under the provisions of 28 U.S.C. §1332 and may be removed to this Court by the Defendants pursuant to the provisions of 28 U.S.C. §1441(a) because it is a civil action between

citizens of different states and the matter in controversy herein exceeds the sum or value of $75,000, exclusive of interest and costs.

### The Amount in Controversy Requirement is Satisfied

The Complaint alleges that Defendants failed to pay Plaintiff minimum wage, overtime pay, any actual wages, or compensation at termination and failed to reimburse Plaintiff for expenditures, thereby asserting claims for (1) Failure to Pay Minimum Wage in Violation of Labor Code §§ 1194, 1197, San Diego Minimum Wage Law, and Wage Orders; (2) Failure to Pay Overtime Compensation in Violation of California Labor Code §§ 510, 1194, and Wage Orders; (3) Failure to Pay Wages in Violation of Labor Code § 218.5; (4) Failure to Pay Compensation at the Time of Termination in Violation of Labor Code §§ 201-203; (5) Failure to Reimburse for Out of Pocket Expenses in Violation of Labor Code §2802; and, (6) Unlawful Business Practices under Business and Professions Code §§ 17200 *et seq*. (Complaint at ¶¶ 15-40).

Although Plaintiff does not quantify her damages in the Complaint, she alleges that she worked for Defendants from "October of 2015 to approximately March of 2017", that "she never received compensation for the work she performed" that she "regular[ly]" worked "more than 8 hours per day or 40 hours per week", and that "her rate of pay is far greater than minimum wage and overtime premium pay based on minimum wage." (Complaint at ¶¶ 1, 5, 20, 24). Plaintiffs further explains that she incurred "out-of-pocket business expenses" for which she alleges she was never reimbursed. (*Id.* at ¶¶ 31-34). Plaintiff has represented to Defendants that she is owed in excess of $3,000,000. (*See* Declaration of Chris Howell, filed herewith ("Howell Decl.") at ¶ 7, and Demand Letter from Plaintiff's Attorney attached thereto at Ex. A). This demand is evidence that Plaintiff values the litigation over the $75,000 threshold. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.")

Accordingly, Plaintiff's claim for damages against Defendants substantially exceeds $75,000.

## Complete Diversity Exists

Plaintiff Rota alleges that she is a resident of California. (Complaint at ¶ 1.) Absent evidence otherwise, courts generally presume that the state of residence and citizenship is the same. *See, e.g., Lastra v. PHH Mortg. Corp.,* No. 10-cv-2573-LAB (BLM) 2011 WL 768135, *1 n2 (S.D. Cal. Feb. 28, 2011). Defendant HMS is a Utah limited liability company with its principal place of business in Utah with all of its members being citizens and domiciled in that state. (Complaint at ¶ 1; Howell Decl. at ¶ 4.) Specifically, HMS' two members are: Defendant Chris Howell and Tera Howell, his wife. (Howell Decl. at ¶ 5.) The Howells are both permanent residents, citizens and domiciliaries of Utah. (Howell Decl. at ¶ 6).

Thus, both Defendants Howell and HMS are citizens of Utah. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); *TPS Utilicom Servs., Inc. v. AT&T Corp.*, 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company … is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction.").

The Complaint also names Defendants Does 1-20. Pursuant to 28 U.S.C. §1441(a), the citizenship of these defendants is disregarded.

## The Other Requirements for Removal Are Met

This Notice of Removal is timely filed under 28 U.S.C. §1446(b), which provides that "[e]ach defendant shall have 30 days after receipt … of the initial pleading … to file the notice of removal." This Notice of Removal is being filed within thirty (30) days of service on the first-served defendant.

Removal to the United States District Court for the Southern District of California is proper as the Superior Court of the State of California, County of San Diego, where this action was originally filed, is located within this district. 28

1  U.S.C. § 1441(a) (requiring removal to "the district and division embracing the place where [the] action is pending").

In compliance with 28 U.S.C. § 1446(a), which requires a copy of all process, pleadings, and orders served upon the removing defendant in the state court action be included with a notice of removal, Defendants have attached copies of the Complaint and summons in the state action. No other papers have been served on Defendants.

Defendant certifies this Notice of Removal, will be served upon counsel for Plaintiff, and will be filed with the Clerk of the Superior Court of the State of California, County of San Diego. 28 U.S.C. § 1446(d).

By this Notice of Removal, Defendants do not waive any objections they may have as to service, jurisdiction, or any other defenses or objections they may have to this action. Defendants intend no admission of fact, law or liability by this Notice of Removal and expressly reserve all defenses, motions, and/or pleas.

## CONCLUSION

WHEREFORE, notice is hereby given that this action, County of San Diego Case No. 37-2018-00035492-CU-OE-CTL, is removed from the Superior Court of the State of California, County of San Diego, Central Division, to the United States District Court for the Southern District of California.

Dated: August 28, 2018

JONES WALDO HOLBROOK & McDONOUGH PC
Nathan D. Thomas
Lewis M. Francis

LAW OFFICE OF TIMOTHY A. HORTON

*/s/ Timothy A. Horton*
Timothy A. Horton

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2018, I caused to be served by U.S. Mail the foregoing document to the following:

S. Ward Heinrichs
EMPLOYMENT LAW OFFICE OF WARD HEINRICHS
4565 Ruffner Street, Suite 207
San Diego, CA 92111
swheinrichs@gmail.com

/s/    Michelle Cocchia