S. Ward Heinrichs, State Bar No. 157774
**EMPLOYMENT LAW OFFICE**
**OF WARD HEINRICHS**
4565 Ruffner Street, Suite 207
San Diego, California 92111
Telephone: (858) 292-0792
Fax: (858) 408-7543

Attorneys for Plaintiff APARNA VASHISHT-ROTA

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**07/17/2018** at 04:51:54 PM

Clerk of the Superior Court
By Jessica Pascual, Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO, NORTH COUNTY DIVISION

| | |
|---|---|
| APARNA VASHISHT-ROTA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HOWELL MANAGEMENT SERVICES, LLC, a Utah limited liability company, CHRIS HOWELL, an individual, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 37-2018-00035492-CU-OE-CTL<br><br>**COMPLAINT FOR CIVIL PENALTIES, DAMAGES, AND RESTITUTION:**<br><br>1. **Failure to Pay Minimum Wage in Violation of Labor Code §§ 1194, 1197 and the Wage Orders;**<br>2. **Failure to Pay Overtime in Violation of Labor Code §§510, 1194, 1450-54, and Wage Order 4-2001;**<br>3. **Failure to Pay Promised Wages for All Time Worked;**<br>4. **Failure to Pay Compensation at Time of Termination in Violation of Labor Code §§201-203;**<br>5. **Failure to Reimburse Out of Pocket Expenses in Violation of Labor Code §2802;**<br>6. **Unlawful and Unfair Business Practices (Business & Professions Code §§17200);** |

Plaintiff, APARNA VASHISHT-ROTA, alleges causes of action against Defendants, and each of them, as follows:

**GENERAL ALLEGATIONS AND IDENTIFICATION OF THE PARTIES**

1. Plaintiff APARNA VASHISHT-ROTA is a competent adult who resided and worked in the City of San Diego in the State of California. From October of 2015 to approximately

- 1 -

COMPLAINT FOR PENALTIES, DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION

March of 2017, VASHISHT-ROTA was employed by HOWELL MANAGEMENT SERVICES, LLC (HMS), a Utah Limited Liability Company, and all other alleged defendants.

2. CHRIS HOWELL (HOWELL) is an individual, at all times mentioned herein, residing in the State of Utah. He is the owner, manager, and president of HMS. Under Labor Code §558.1, HOWELL is liable for Minimum Wage, Overtime, Waiting Time, and Un-reimbursed Expenses.

3. HMS and HOWELL employed VASHISHT-ROTA to build a network of agents, referral partners, and universities to refer foreign and domestic students to HMS and to have those students placed at associated universities of HMS. VASHISHT-ROTA worked from her home office in San Diego, California, but she traveled to foreign and domestic locations to carry-out her assigned tasks and duties.

4. VASHISHT-ROTA was a non-exempt employee whom the California Wage Orders, Labor Code, and other laws protected.

5. VASHISHT-ROTA never received compensation for the work she performed for HMS and HOWELL.

6. VASHISHT-ROTA does not know the true names and capacities of Defendants sued herein as DOES 1 through 20, inclusive, and will amend the instant Complaint to name the same as soon as ascertained.

7. VASHISHT-ROTA is informed and believes, and on that basis alleges, that each of the fictitiously named Defendants was in some manner legally responsible for the actionable and unlawful actions, policies and practices as alleged herein. VASHISHT-ROTA will amend this Complaint to set forth the true names and capacities of said Defendants, along with the appropriate charging allegations when the same have been ascertained.

8. VASHISHT-ROTA is informed and believes and thereon alleges that, at all times mentioned herein, all Defendants, and each of them, were acting as agents and/or employees of each remaining co-defendant, and were acting with permission and consent of each other, and within the course and scope of said agency and/or employment. VASHISHT-ROTA is further informed and believes that each co-defendant, either personally or by and through its officers, directors or

COMPLAINT FOR PENALTIES, DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION

1  managing agents ratified, authorized and approved, expressly or implicitly, all of the conduct alleged herein.

9. When, in this Complaint, reference is made to any act of the "Defendants," in addition to actions taken by each in their individual capacities, such shall also be deemed to mean that officers, directors, agents, employees, or representatives of the Defendants committed or authorized such acts, or failed and omitted to adequately supervise or properly control or direct their employees while engaged in the management, direction, operation or control of the affairs of the Defendants and did so while acting within the scope of their employment or agency.

10. When, in this Complaint, reference is made to any act by a "Defendant" or "Defendants," such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly and severally.

## JURISDICTION AND VENUE

11. VASHISHT-ROTA re-alleges by reference, as if fully set forth herein, all of the above Paragraphs.

12. This Court has jurisdiction over all causes of action asserted herein pursuant to California Constitution, Article VI, Sec. 10, because this case is a cause not given by statute to other trial courts.

13. This Court has jurisdiction over Defendants because they are individuals, corporations, limited liability companies, or other business entities who reside in California and/or are authorized to do business in the State of California and registered with the California Secretary of State, do sufficient business with sufficient minimum contacts in California, and/or otherwise intentionally avail themselves of the California market through hiring, advertising, marketing and sale of their goods and services, to render the exercise of jurisdiction over Defendants by the California courts consistent with traditional notions of fair play and substantial justice.

14. Venue as to each Defendant is proper in this judicial district, pursuant to Code of Civil Procedure § 395(a). VASHISHT-ROTA worked for Defendants in San Diego County, California, Defendants employed VASHISHT-ROTA in San Diego County, and Defendants' unlawful employment practices caused VASHISHT-ROTA injury in San Diego County.

COMPLAINT FOR PENALTIES, DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION

## FIRST CAUSE OF ACTION

(Failure to Pay Minimum Wage in Violation of Labor Code §§1194, 1197, City of San Diego Minimum Wage Law, and Wage Orders)

15. VASHISHT-ROTA re-alleges by reference, as if fully set forth herein, all of the above Paragraphs.

16. Labor Code §§1194, 1197, San Diego Earned Sick Leave and Minimum Wage Ordinance, and the IWC Wage Orders require employers to pay employees minimum wage for all time worked.

17. As alleged above, VASHISHT-ROTA was not paid minimum wage for any amount of time that she was required, suffered, or permitted to work.

18. VASHISHT-ROTA is entitled to recover minimum wage for each hour she received less than minimum wage. Further VASHISHT-ROTA is entitled to costs of suit, attorney's fees under Labor Code § 1194, and interest on unpaid sums under Labor Code §218.6. Finally, VASHISHT-ROTA is also entitled to liquidated damages under Labor Code §1194.2 in an amount equal to the amount she was owed for not receiving minimum wage plus interest for not timely receiving it.

## SECOND CAUSE OF ACTION

(Failure to Pay Overtime Compensation in Violation of California Labor Code §§510, 1194, and Wage Orders)

19. VASHISHT-ROTA re-alleges by reference, as if fully set forth herein, all of the above Paragraphs.

20. VASHISHT-ROTA alleges that, from the time she was hired until the time she was no longer employed by Defendants, Defendants had continuously engaged in the regular practice of requiring, suffering or permitting her to work more than 8 hours per day or 40 hours per week or for work on the seventh day of each work week without paying at least time-and-a-half for each hour worked according to Labor Code §§510, 1194 and the IWC Wage Orders. Further, all time worked after 12 hours in a day or after 8 hours seventh consecutive day must be paid at double time, and defendants failed to pay her premium pay for such work hours as required under Labor Code §§510, 1194, and the IWC Wage Orders.

21.     VASHISHT-ROTA alleges that she was not exempt from overtime pay requirements under California law. Defendants have, therefore, failed to pay her overtime premium pay for overtime hours she was required, suffered, or permitted to work, in violation of Labor Code §§ 510, 1194, and the IWC Wage Orders.

22.     As a result of the actions of Defendants in failing and refusing to pay overtime compensation, VASHISHT-ROTA was damaged by not receiving overtime premium compensation that she should have received but did not receive. She is therefore entitled to compensation in an amount to be proven at trial for unpaid overtime, pre-judgment interest, attorneys' fees and costs pursuant to Labor Code § 1194.

## THIRD CAUSE OF ACTION

(Failure to Pay Wages in Violation of Labor Code §218.5)

23.     VASHISHT-ROTA re-alleges by reference, as if fully set forth herein, all of the above Paragraphs.

24.     In violation of Labor Code §218.5, Defendants never paid VASHISHT-ROTA for any hours of work she performed. Her rate of pay is far greater than minimum wage and overtime premium pay based on minimum wage.

25.     VASHISHT-ROTA will offer proof of her rate of pay which far exceeds minimum wage and will demand payment for all hours she worked at that rate of pay.

26.     Under Labor Code §§218.5 and 218.6, VASHISHT-ROTA demands payment of for unpaid wages in an amount according to proof. She also demands interest, costs, and attorneys' fees.

## FOURTH CAUSE OF ACTION

(Failure to Pay Compensation at the Time of Termination in Violation of California Labor Code §§201-203)

27.     VASHISHT-ROTA re-alleges by reference, as if fully set forth herein, all of the above Paragraphs.

28.     California Labor Code §201 requires employers to pay employees all wages due and owing at the time of termination. Similarly, Labor Code §202 requires employers to pay all wages

COMPLAINT FOR PENALTIES, DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION

within 72 hours after an employee quits, or immediately upon termination if the employee gave at least 72 hours of notice that the employee was going to quit.

29.   VASHISHT-ROTA alleges that Defendants have willfully failed to pay her all compensation and wages due her within the time constraints of Labor Code §§ 201 and 202. She was owed minimum wage, overtime, and wages for hours worked at her regular rate when she stopped working for Defendants.

30.   Defendants' failure to timely pay compensation and wages to VASHISHT-ROTA at the time of her separation of employment was willful. As a result, Defendants are liable to her for waiting time penalties under California Labor Code §203 equal to her daily wage rate times the number of days she was not paid all wages owed to her up to a maximum of 30 days, prejudgment interest, attorneys' fees (waiting time is based on failure to pay wages), and costs.

**FIFTH CAUSE OF ACTION**

(Failure to Reimburse Out of Pocket Expenses in Violation of Labor Code §2802)

31.   VASHISHT-ROTA re-alleges by reference, as if fully set forth herein, all of the above Paragraphs.

32.   As a direct consequence of the discharge of her duties or her obedience to the directions of Defendants, VASHISHT-ROTA paid for necessary expenditures to promote and support the business of Defendants.

33.   Defendants never reimbursed VASHISHT-ROTA for the necessary business expenses she paid for out-of-pocket in violation of Labor Code §2802.

34.   As a consequence, VASHISHT-ROTA demands reimbursement for the out-of-pocket business expenses she paid to promote and support the business of Defendants. She also demands attorneys' fees, costs, and interest as provided in Labor Code §2802(b) & (c).

**SIXTH CAUSE OF ACTION**

(Unlawful and Unfair Business Practices: Business & Professions Code §§ 17200 et seq.)

35.   VASHISHT-ROTA re-alleges by reference, as if fully set forth herein, all of the above Paragraphs.

COMPLAINT FOR PENALTIES, DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION

36. VASHISHT-ROTA alleges, that Defendants failed to pay her minimum wage, overtime, promised wages, and compensation due at the time of separation of employment.

37. By committing the alleged acts and/or omissions as described in this Complaint, Defendants engaged in unlawful, unfair, and/or fraudulent business practices within the meaning of California Business & Professions Code § 17200 et seq.

38. VASHISHT-ROTA alleges that, as a result of Defendants' alleged acts and/or omissions as described in this Complaint, Defendants have unlawfully and unfairly kept money due her because of their unlawful and/or unfair business practices.

39. A request for injunctive relief and restitution is specifically authorized by California Business & Professions Code § 17200 et seq. Thus, VASHISHT-ROTA seeks restitution of all unlawfully withheld funds obtained by Defendants as a result of Defendants' alleged acts and/or omissions as described in this Complaint. She also seeks attorneys' fees under Labor Code §1194 & Civil Code §1021.5, costs of suit, and interest.

40. VASHISHT-ROTA is informed and believes and thereon allege that unless restrained and ordered to pay restitution, Defendants will continue to engage in the alleged acts as described in this Complaint and receive monetary benefit from their unlawful behavior.

## PRAYER FOR RELIEF

WHEREFORE, VASHISHT-ROTA prays for judgment as follows:

<u>As to the First Cause of Action for Failure to Pay Minimum Wage</u>

1. For unpaid wages;
2. For pre-judgment interest;
3. For liquidated damages;
4. For attorneys' fees under Labor Code § 1194;
5. For costs of suit incurred herein;
6. For such other and further relief as the court deems just and proper;

<u>As to the Second Cause of Action for Failure to Pay Overtime Premium Pay</u>

7. For unpaid wages;
8. For pre-judgment interest;

COMPLAINT FOR PENALTIES, DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION

9. For attorneys' fees under Labor Code § 1194;

10. For costs of suit incurred herein;

11. For such other and further relief as the court deems just and proper;

As to the Third Cause of Action for Failure to Pay Wages

12. For unpaid wages;

13. For pre-judgment interest under Labor Code §218.6;

14. For attorneys' fees under Labor Code §218.5;

15. For costs of suit incurred herein;

16. For such other and further relief as the court deems just and proper;

As to the Fourth Cause of Action for Waiting Time Penalties

17. For statutory penalties pursuant to Labor Code §203;

18. For pre-judgment interest at the legal rate pursuant to Civil Code §3289 and Labor Code §218.6;

19. For attorneys' fees under Labor Code §218.5;

20. For costs of suit incurred herein;

21. For such other and further relief as the court deems just and proper;

As to the Fifth Cause of Action for Unreimbursed Business Expenses

22. For reimbursement of out of pocket expenses;

23. For pre-judgment interest at the legal rate pursuant to Civil Code §3289 and Labor Code §2802(b);

24. For attorneys' fees under Labor Code §2802(c);

25. For costs of suit incurred herein;

26. For such other and further relief as the court deems just and proper;

As to the Sixth Cause of Action for Unlawful and Unfair Business Practices

27. For an Order compelling Defendants, and each of them, to restore unpaid overtime, minimum wages, and other wages (in the form of restitution);

28. For issuance of a permanent injunction enjoining Defendants, and each of them, from continuing to engage in the unlawful and unfair business practices alleged herein;

COMPLAINT FOR PENALTIES, DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION

29. For interest at the legal rate pursuant to Civil Code §3289 and Labor Code §218.6;

30. For attorneys' fees pursuant to Labor Code §§218.5 and 1194;

31. For costs of suit incurred herein.

DATE: July 17, 2018

Employment Law Office of Ward Heinrichs

By: /s/ S. Ward Heinrichs
S. Ward Heinrichs
Attorney for Plaintiff

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | | |
|---|---|---|
| STREET ADDRESS: | 330 W Broadway | |
| MAILING ADDRESS: | 330 W Broadway | |
| CITY AND ZIP CODE: | San Diego, CA 92101-3827 | |
| BRANCH NAME: | Central | |
| TELEPHONE NUMBER: | (619) 450-7067 | |
| PLAINTIFF(S) / PETITIONER(S): | Aparna Vashisht-Rota | |
| DEFENDANT(S) / RESPONDENT(S): | Howell Management Services LLC et.al. | |
| VASHISHT ROTA VS HOWELL MANAGEMENT SERVICES LLC [IMAGED] | | |
| **NOTICE OF CASE ASSIGNMENT** and **CASE MANAGEMENT CONFERENCE** | | CASE NUMBER: 37-2018-00035492-CU-OE-CTL |

**CASE ASSIGNMENT**

Judge: Eddie C Sturgeon                                     Department: C-67

**COMPLAINT/PETITION FILED:** 07/17/2018

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 01/18/2019 | 10:30 am | C-67 | Eddie C Sturgeon |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

---

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).



# Superior Court of California
# County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
# AND ASSIGNMENT TO IMAGING DEPARTMENT

This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.

This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled  **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.** Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2018-00035492-CU-OE-CTL      CASE TITLE: Vashisht Rota vs Howell Management Services LLC [IMAGE

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
    (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
    (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_
    (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

### Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

**Potential Advantages**
- Saves time
- Saves money
- Gives parties more control over the dispute resolution process and outcome
- Preserves or improves relationships

**Potential Disadvantages**
- May take more time and money if ADR does not resolve the dispute
- Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable

### Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

---

SDSC CIV-730 (Rev 12-10)      **ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**      Page: 1

**Other ADR Processes:**  There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.  Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

**Local ADR Programs for Civil Cases**

**Mediation:**  The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection:  Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005).  The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:**  The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:**  The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience.  Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:**  The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:**  To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

**Legal Representation and Advice**

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |

PLAINTIFF(S): Aparna Vashisht-Rota

DEFENDANT(S): Howell Management Services LLC et.al.

SHORT TITLE: VASHISHT ROTA VS HOWELL MANAGEMENT SERVICES LLC [IMAGED]

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2018-00035492-CU-OE-CTL |
|---|---|

Judge: Eddie C Sturgeon                              Department: C-67

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)        ☐ Non-binding private arbitration

☐ Mediation (private)                ☐ Binding private arbitration

☐ Voluntary settlement conference (private)   ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)       ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.) _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____                 Date: _____

Name of Plaintiff                                Name of Defendant

Signature                                         Signature

Name of Plaintiff's Attorney                      Name of Defendant's Attorney

Signature                                         Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 07/18/2018                                  _____
                                                   JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)    **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**                  Page: 1