UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APARNA VASHISHT-ROTA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HOWELL MANAGEMENT SERVICES, LLC, a Utah limited liability company; SHRIS HOWELL, an individual; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 3:18-cv-2010-L-AGS<br><br>**ORDER GRANTING OPPOSED DEFENDANTS' EX PARTE MOTION [Doc. 16]** |

Currently pending before the Court is defendants' ex parte motion for leave to opposition to plaintiff's motion to remand [ECF No. 16]. On September 14, 2018, Plaintiff filed a motion for remand, which had a corresponding hearing date of October 15, 2018. *See* ECF No. 7. According to Civil Local Rule 7.1(e)(2), Defendants was required to file an opposition or statement of non-opposition by October 1, 2018. However, Defendants failed to do so, claiming that the delay in filing in filing an opposition was a result of a calendaring error. *See* ECF No. 16.

Under Rule 60(b), a court "may relieve a party or its legal representative from a final judgment, order, or proceeding" due to "mistake, inadvertence, surprise, or excusable

1

neglect." Fed. R. Civ. P. 60(b). "To determine whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010).

These equitable factors weigh in favor of a finding of excusable neglect. First, Plaintiff would not be prejudiced as the Court could amend the briefing schedule in order to allow Plaintiff full opportunity to file a reply brief. Second, the four-day delay does not significantly impact the early stages of this litigation and the Court's consideration of this motion in light of the also pending motion to dismiss filed by Defendants. Third, courts have found that a calendaring error leading to a brief delay in filing is excusable neglect. *See Herbert v. State Farm Mut. Auto. Ins. Co.*, 2009 WL 88352, at *3-4 (N.D. Cal. Jan. 13, 2009). Last, the Defendants contacted Plaintiff immediately upon learning of the calendaring error. ECF No. 16-2 at 3-4. As such, the Court finds that excusable neglect resulted from Defendants' calendaring error.

For the above reasons, the Court will accept Defendants attachment to its ex parte application [ECF No. 16-1] as Defendants' opposition to Plaintiff's motion to remand. Accordingly, the Court continues the hearing date corresponding with Plaintiff's motion to remand until **October 29, 2018**. Plaintiff shall file a reply brief no later than **October 22, 2018**. No oral argument shall be held unless ordered by the Court and the matter shall be taken under submission without further court order.

**IT IS SO ORDERED.**

Dated: October 15, 2018

Hon. M. James Lorenz
United States District Judge