UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APARNA VASHISHT-ROTA, an individual,<br><br>         Plaintiff,<br><br>v.<br><br>HOWELL MANAGEMENT SERVICES, LLC, a Utah limited liability company; CHRIS HOWELL, an individual; and DOES 1 through 20, inclusive,<br><br>         Defendants. | Case No.: 18-cv-2010-L-AGS<br><br>**ORDER DENYING MOTION TO REMAND [Doc. 7]** |

  Pending before the Court is Plaintiff Aparna Vashisht-Rota's ("Plaintiff") Motion to Remand [ECF No. 7]. The Court decides the matter on the papers submitted and without oral argument. *See* Civ. L. R. 7.1(d)(1). For the reasons stated below, the Court **DENIES** Plaintiff's Motion.

## I. **BACKGROUND**

  From October 2015 to March 2017, Plaintiff was employed by Defendants Howell Management Services, LLC and Chris Howell ("HMS" or "Defendants"). *See* ECF No. 1-2. Defendants employed Plaintiff to refer foreign and domestic students to HMS and to have those students enrolled at universities associated with HMS. Plaintiff was not paid for the work she performed for Defendants. On July 17, 2018, Plaintiff filed a complaint in California Superior Court, County of San Diego, North County Division, alleging

Defendants' failure to pay her minimum wage, overtime pay, any actual wages, compensation at termination, and failure to reimburse out-of-pocket expenses in violation of multiple sections of the California Labor Code. On August 28, 2018, Defendants removed the case to this Court, claiming diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332, 1441. Plaintiff now moves to remand. Defendant opposes.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction*." Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree." *Id*. (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id*. (internal citations omitted); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006). Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566; *see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. Diversity jurisdiction requires (1) complete diversity of citizenship between the parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332.

## III. DISCUSSION

The dispositive question presented by this motion is whether the amount in controversy exceeds $75,000. Plaintiff argues that it does not and therefore this Court must

remand for lack of subject matter jurisdiction. Defendant argues the opposite. Where, as here, the Complaint does not include a prayer for a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met. *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 683 (9th Cir. 2006) (internal citations omitted).

Plaintiff contends that Defendants' reliance on Plaintiff's November 6, 2017 demand letter to satisfy the amount in controversy is misplaced as the letter contemplated breach of contract damages owed to an independent contractor, not a wage claim filed by an employee. ECF No. 7-1 at 3. "A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claims." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). Having reviewed the demand letter and the Complaint, the Court finds that the demand letter could reflect a reasonable estimate of Plaintiff's claims if her claims were proved and is therefore relevant as evidence of the amount in controversy. For example, in the letter, Plaintiff contends that the potentially operative contracts deemed her an employee in California as an agent of HMS. *See* ECF No. 7-2. Plaintiff claimed that, "[a]s an employee, [Plaintiff] has very large wage claims[.]" *Id.* at 3. With that in mind, the Court finds Plaintiff's current assertion that her wage claim is worth between $8,600 and $25,800 to be disingenuous. While her wage claims are likely not worth in excess of $3 million, as indicated in the letter, the Court finds that Plaintiff grossly undervalues wage damages now as her complaint seeks both minimum wages and overtime compensation for work completed over a 17-month span. *See* ECF No. 1-2. Additionally, the demand letter confirms the $40,000 in out-of-pocket expenses Defendants cite in the Notice of Removal. Thus, the Court finds the demand is relevant evidence in determining the amount in controversy. Notwithstanding, the Court notes that Defendants' citation to the demand letter does not satisfy the amount in controversy issue in itself.

At the crux of the amount in controversy issue is whether attorney's fees can be considered in determining whether the jurisdictional amount is satisfied. Attorney's fees

become "part of the matter put in controversy by the complaint, and not mere costs excluded from the reckoning by the jurisdictional and removal statutes." *Missouri State Life Ins. Co. et al. v. Jones*, 290 U.S. 199, 202 (1933) (reasoning that attorneys' fees are not "mere costs excluded from the reckoning" when the attorneys' fees at issue were authorized by Missouri statute that treated attorneys' fees as costs) (quotation marks omitted). In the Ninth Circuit, attorneys' fees may be included in the amount in controversy where the underlying statute authorizes an award of attorneys' fees with either mandatory or discretionary language. *Gait G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). As Plaintiff plainly concedes, attorneys' fees are granted by statute here and such fees are treated as costs under California law. *See* Cal. Labor Code §§ 218.5, 1194, and 2802; *see also* ECF No. 1-2. Therefore, attorneys' fees are part of the matter put in controversy and can be included in the amount in controversy to satisfy the jurisdictional threshold. As such, Defendants assert and Plaintiff does not dispute that "likely to be incurred through discovery of this litigation exceed $75,000." ECF No. 16-1 at 16. The Court agrees with Defendants' assertion. Taken together, the Court finds that Plaintiff's wage claims, the attorneys' fees likely to be incurred during this litigation, and out-of-pocket expenses in fact satisfy the amount in controversy.

## IV. CONCLUSION & ORDER

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**

Dated: January 28, 2019

Hon. M. James Lorenz
United States District Judge