UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APARNA VASHISHT-ROTA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HOWELL MANAGEMENT SERVICES, LLC, a Utah limited liability company; CHRIS HOWELL, an individual; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 18-cv-2010-L-AGS<br><br>**ORDER GRANTING MOTION TO DISMISS [ECF No. 5]** |

Pending before the Court is Defendants Howell Management Services' and Chris Howell's ("HMS" and collectively "Defendants") Motion to Dismiss [ECF No. 5]. The Court decides the matter on the papers submitted and without oral argument. *See* Civ. L. R. 7.1(d)(1). For the reasons stated below, the Court **GRANTS** Defendants' Motion.

**I.  BACKGROUND**

From October 2015 to March 2017, Defendants employed Plaintiff Aparna Vashisht-Rota ("Plaintiff") to refer foreign and domestic students to HMS and to have those students enrolled at universities associated with HMS. Plaintiff was not paid for the work she performed for Defendants. On July 17, 2018, Plaintiff filed a complaint in California Superior Court, County of San Diego, North County Division, alleging Defendants' failure to pay her minimum wage, overtime pay, any actual wages, compensation at termination, and failure to reimburse out-of-pocket expenses in violation

of multiple sections of the California Labor Code. On August 28, 2018, Defendants removed the case to this Court, claiming diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332, 1441.

Defendants move to dismiss this case on the basis that the claims brought here are compulsory counterclaims to prior litigation between the parties or on the basis of *forum non conveniens* due to a choice of law provision in an agreement between the parties. In the alternative, Defendants assert that the case should be transferred to the United States District Court for the District of Utah if their motion to dismiss is declined. Defendants contend that Plaintiff and her company, August Education Group ("AEG"), are involved in pending litigation ("Utah Litigation") with HMS[1] in First Judicial District in and for Cache County, Utah. The Utah Litigation was initiated by HMS in November of 2017, against Plaintiff and AEG. Plaintiff and AEG have counterclaimed in the Utah Litigation.

## II. LEGAL STANDARD

A motion under Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In reviewing a Rule 12(b)(6) motion, the Court must assume the truth of all factual allegations and construe them most favorably to the nonmoving party. *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997, 999 n.3 (9th Cir. 2006). On the other hand, legal conclusions need not be taken as true merely because they are couched as factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Nevertheless, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

---

[1] HMS is the Plaintiff in the Utah Litigation. Chris Howell, as an individual, is not a party to the Utah Litigation. Pursuant to Local Rule 40.1(f), Defendants filed a notice of related cases.

III. **DISCUSSION**

   A. **Judicial Notice**

When ruling on a motion to dismiss, the court may consider the facts alleged in the complaint, documents attached to the complaint, documents incorporated by reference in the complaint, and matters of which the Court takes judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998). The Ninth Circuit has held that "[p]ursuant to Federal Rule of Evidence 201, we may also take judicial notice of matters of public record, but not of facts that may be subject to reasonable dispute. More specifically, we may not, on the basis of evidence outside of the Complaint, take judicial notice of facts favorable to the Defendants that could reasonably be disputed." *U.S. v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2001). Rule 201(a) states that a fact is not subject to reasonable dispute if "it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Courts "may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts." *Harris v. Cnty. Of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012).

Here, Defendants request that the Court take judicial notice of four exhibits related to the Utah Litigation. These exhibits include: (1) the docket from the Utah Litigation ("Utah Docket"), (2) the complaint filed by HMS in the Utah Litigation ("Utah Complaint"), (3) a Memorandum Decision denying a motion to compel arbitration ("Arbitration Decision"), (4) and AEG's Answer and Counterclaim ("Utah Answer") in the Utah Litigation. All the documents for which Defendants seek judicial notice have been filed in Utah state court. The Court finds that they "can be accurately and readily determined from [a source] whose accuracy cannot reasonably be questioned." *See* Fed.R.Evid. 201(b)(2). Accordingly, the Court takes judicial notice of them.

   B. **Compulsory Counterclaims**

Defendants contend Plaintiff's causes of action are compulsory counterclaims because the claims arise out of the same integral transaction or occurrence disputed in the

3

Utah litigation. In opposition, Plaintiff contends the claims for wages here do not arise under the operative independent contractor agreement which requires all claims arising under it to be brought in Utah.

"Federal courts will not permit an action to be maintained where the claims asserted should have been brought as a compulsory counterclaim in an earlier action." *In re Crown Vantage, Inc.*, 421 F.3d 963, 973 n.7 (9th Cir. 2005) "The question whether the [Plaintiff's] claims are compulsory counterclaims which should have been pleaded in the earlier. . . state court action is a question of state law." *Pochiro v. Prudential Ins. Co. of America*, 827 F.2d 1246, 1249 (9th Cir. 1987). Since the earlier action was filed in Utah state court, Utah law applies. *See Just in Time Supplier, Inc. v. Sioux Honey Ass'n Coop.*, 2018 WL 2981179, at *3 (S.D. Cal. June 14, 2018). Utah Rule of Civil Procedure (13(a)(1) states, "A pleading must state as a counterclaim any claim that –at the time of its service—the pleader has against an opposing party if the claim: (a)(1)(A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (a)(1)(B) does not require adding another party over whom the court cannot acquire jurisdiction." Rule 13(a) furthers the purpose of ensuring that "all relevant claims arising out of a given transaction are litigated in the same action." *Raile Family Tr. ex. rel. Raile v. Proma Dev. Corp.*, 24 P.3d 980, 983 (2001). Utah courts interpreting the Utah Rule of Civil Procedure draw from federal courts interpreting the Federal Rules. *See Kennecott Corp. v. Utah State Tax Comm'n*, 814 P.2d 1099, 1102 (1991). Federal courts apply the liberal "logical relationship" test to determine whether two claims arise out of the same "transaction or occurrence" under Rule 13(a). *Pochiro*, 827 F.2d at 1249. This approach evaluates "whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Id.* Whether Plaintiff was an employee or independent contractor is not relevant in determining whether the claims arose out of the same transaction or occurrence. *See Mattel, Inc. v. MGA Entertainment, Inc.*, 705 F. 3d 1108, 1110 (9th Cir. 2013) (holding that "[w]hat matters is not the legal theory but the *facts*.").

Here, the business relationship between HMS and AEG and the executed agreements between the Howell and Rota serve as the basis for both cases. In the instant complaint, Plaintiff does not allege any facts related to the business relationship between the parties. However, Plaintiff does not contend that the operative facts between the Utah Litigation and the present case are different. The facts of this case and the Utah Litigation are the same regardless of the legal theory Plaintiff uses to describe her relationship with Defendants. Thus, the claims arise out of the same transaction or occurrence.

Additionally, the only party in the present case that is not a party to the Utah Litigation is Chris Howell. Here, Chris Howell is a party to the suit in his individual capacity, whereas in the Utah Litigation only HMS is a party to the suit. Although this claim adds another party, Utah state court ca acquire jurisdiction over Chris Howell because, as alleged by Plaintiff, Chris Howell is a resident of the State of Utah.

Therefore, Plaintiff's claims are compulsory counterclaims that must be included in the Utah Litigation because the present claims arose out of the same transaction or occurrence and Utah state court has jurisdiction over Chris Howell.

## IV. CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss and dismisses Plaintiff's Complaint without prejudice, subject to asserting its claims in Utah state court. The Clerk of Court is instructed to close this case.

**IT IS SO ORDERED.**

Dated: May 28, 2019

Hon. M. James Lorenz
United States District Judge